Case 1:10-cv-00076-JTN ECF No. 1, PageID.1 Filed 01/26/10 Page 1 of 8

FILED - GR
January 26, 2010 3:00 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: aid___/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Shelly Donahue,** | ) | |
| | ) | |
| Plaintiff, | ) | **1:10-cv-76** |
| | ) | **Janet T. Neff** |
| v. | ) Hon. | **U.S. District Judge** |
| | ) | |
| **NCO Financial Systems, Inc.,** | ) | |
| a Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Complaint**

**I.   Introduction**

1. This is an action for damages, brought against a debt collector in response to the debt collector's practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.  Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III. Parties**

3. Plaintiff Shelly Donahue is a natural person residing in Barry County, Michigan. Ms. Donahue is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

1

Ms. Donahue is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

4. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation doing business at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO is qualified to do business in Michigan. The registered agent for NCO is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. NCO uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. NCO regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. NCO is a "debt collector" as the term is defined and used in the FDCPA. NCO is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

### IV. Facts

5. Ms. Donahue used a credit account to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. The original creditor or a successor in interest claimed that the debt was not paid and hired NCO to collect the allegedly delinquent debt.

7. Alternatively, NCO purchased the debt after the account allegedly became delinquent.

8. Ms. Donahue disputes the debt.

9. Ms. Donahue refuses to pay the debt.

10. In December 2009, NCO made multiple telephone calls to Ms. Donahue's cellular telephone in efforts to collect the debt.

11. Ms. Donahue works during the day. In order to remain available for any emergency communication regarding her school-age children, Ms. Donahue carries a cellular telephone while at work.

12. Ms. Donahue's employer does not allow Ms. Donahue to take non-emergency telephone calls on her cellular telephone while she is on the job.

13. Ms. Donahue's employer does not allow Ms. Donahue to take telephone calls from debt collectors on her cellular telephone while she is on the job.

14. It is not convenient for Ms. Donahue to receive telephone calls on her cellular telephone from debt collectors while she is on the job.

15. On Thursday, December 17, 2009, NCO placed eighteen or more telephone calls to Ms. Donahue's cellular telephone. All of the calls were placed from the number 215-441-3000. The calls were received by Ms. Donahue at the following times:

        8:52 a.m.

        8:53 a.m.

        11:16 a.m.

        11:57 a.m.

        11:58 a.m.

        11:59 a.m.

        12:09 p.m.

        12:16 p.m.

        12:18 p.m.

        12:48 p.m.

> 12:54 p.m.
>
> 1:01 p.m.
>
> 1:09 p.m.
>
> 1:16 p.m.
>
> 1:44 p.m.
>
> 1:45 p.m.
>
> 1:46 p.m.
>
> 1:47 p.m.

Ms. Donahue answered the eighteenth call. A male NCO employee responded, stating that he worked for NCO and was calling to collect a debt. Ms. Donahue stated that she was at work and that her employer did not allow her to take calls from debt collectors while she was on the job. Ms. Donahue stated that she could get fired if NCO kept calling. Ms. Donahue demanded that NCO stop calling her cellular telephone. The telephone conversation lasted 1.5 minutes. Mere seconds later, at 1:49 p.m., NCO called Ms. Donahue's cellular telephone for the nineteenth time that day. Fearful of losing her job, Ms. Donahue was forced to shut off her cellular telephone. telephone from debt collectors while she is on the job.

16. On Tuesday, January 19, 2010, NCO placed five or more telephone calls to Ms. Donahue's cellular telephone. All of the calls were placed from the number 408-538-5102. Four of the telephone calls were received by Ms. Donahue in a span of less than four minutes. The calls were received by Ms. Donahue at the following times:

> 5:48 p.m.
>
> 5:49 p.m.

       5:49 p.m.

       5:50 p.m.

       7:25 p.m.

NCO placed the telephone calls to Ms. Donahue's cellular telephone, even though Ms. Donahue had communicated to NCO on December 17, 2009 that NCO did not have permission to make telephone calls to Ms. Donahue's cellular telephone.

    17. The FDCPA states that a debt collector shall not communicate with a consumer in connection with the collection of any debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. 15 U.S.C. § 1692c(a)(1).

    18. NCO continued to communicate to communicate with Ms. Donahue at her place of employment, despite being told by Ms. Donahue that it was not convenient for her to receive telephone calls from NCO while she was at her place of employment, violating the FDCPA.

    19. The FDCPA states that a debt collector shall not communicate with a consumer at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communications. 15 U.S.C. § 1692c(a)(3).

    20. NCO continued to communicate to communicate with Ms. Donahue at her place of employment, despite being told by Ms. Donahue that Ms. Donahue's employer prohibited such communications, violating the FDCPA.

    21. The FDCPA states that a debt collector shall not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

22. The FDCPA states that a debt collector shall not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously, with intent to annoy, abuse, or harass any person called at the number. 15 U.S.C. § 1692d(5).

23. NCO placed repeated calls to Ms. Donahue's cellular telephone, sometimes as often as nineteen times a day, violating the FDCPA.

24. NCO caused Ms. Donahue's telephone to ring and engaged Ms. Donahue in telephone conversation repeatedly and continuously, with intent to annoy, abuse and harass Ms. Donahue, violating the FDCPA.

25. NCO failed to send Ms. Donahue a timely notice of her rights as required by the FDCPA, 15 U.S.C. § 1692g.

26. The acts and omissions of NCO and its employees done in connection with efforts to collect a debt from Ms. Donahue were done wilfully.

27. NCO and its employees wilfully violated the FDCPA and MOC.

28. As an actual and proximate result of the acts and omissions of defendant and/or its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.  Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

29. Plaintiff incorporates the foregoing paragraphs by reference.

30. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

6

a) Defendant violated 15 U.S.C. § 1692c;

b) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

c) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

d) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

e) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

### Count 2– Michigan Occupational Code

31. Plaintiff incorporates the foregoing paragraphs by reference.

32. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at

        unusual times or places which are know to be inconvenient to the debtor; and

b)     Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)     Actual damages pursuant to M.C.L. § 339.916(2);

b)     Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)     Statutory damages pursuant to M.C.L. § 339.916(2); and

d)     Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: January 26, 2010

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com